IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANDANA UPADHYAY, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>AETNA LIFE INSURANCE COMPANY, a Connecticut corporation,<br><br>    Defendant.<br>                                      / | Case No. C 13-01368 SI<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION TO SEAL** |

On November 1, 2013, defendant Aetna Life Insurance Company ("Aetna") filed a motion for summary judgment. Docket No. 21. By the present joint motion, the parties move to file under seal a confidential settlement agreement filed in support of Aetna's motion for summary judgment and portions of the motion that refer to the settlement agreement. Docket No. 20. The parties argue that the settlement agreement should be filed under seal in light of the public policy favoring private settlements and because settlement agreements are within the category of documents that fall outside of the public's right of access. *Id.* at 5-6.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive

motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b). Because the parties' request to seal relates to a dispositive motion for summary judgment, the compelling reasons standard applies.

Courts typically find good cause and "grant[] protective orders to protect confidential settlement agreements." *See Phillips v. GMC*, 307 F.3d 1206, 1212 (9th Cir. 2002); *see also Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993) ("Confidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties. Sound judicial policy fosters and protects this form of alternative dispute resolution."). However, a party seeking to file a confidential settlement agreement under seal in connection with a dispositive motion must still meet its burden of satisfying the compelling reasons test. *Luo v. Zynga Inc.*, 2013 U.S. Dist. LEXIS 155144, at *8 (N.D. Cal. Oct. 29, 2013). The existence of a confidentiality provision, without more, does not constitute a compelling reason to seal the agreement. *Id.*; *see, e.g.*, *Gamble v. Arpaio*, 2013 U.S. Dist. LEXIS 4576, at *14-15 (D. Ariz. Jan. 11, 2013) (denying motion to seal confidential settlement agreement where the movant failed to "discuss, much less establish, the compelling reasons standard").

In the motion, the parties argue that the settlement agreement should be sealed in light of the public policy favoring private settlements. Docket No. 20 at 5. The Court recognizes the public policy favoring private settlements, *see Kalinauskas*, 151 F.R.D. at 365, but that is an insufficient reason, by itself, to seal the agreement. In moving to seal the settlement agreement, the parties must still meet their burden of satisfying the compelling reasons test. *See Luo*, 2013 U.S. Dist. LEXIS 155144, at *8. The parties state that the settlement agreement contains plaintiff's personal information and the proprietary and private business information of a non-party, but the parties fail to identify in the motion or the accompanying declaration the portions of the settlement agreement that contain this information. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (criticizing the party's "failure to identify where in the documents confidential financial information and trade secrets are to be found"). Moreover, even assuming that the settlement agreement contains some sealable personal

2

or proprietary information, that would only be reason to seal certain portions of the agreement, not the entire document and all references to it.

Accordingly, the Court DENIES the parties' administrative motion to seal. Docket No. 20. This denial is without prejudice to the parties refiling the motion, no later than **November 22, 2013**, in a format which is narrowly tailored and demonstrates "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79.

**IT IS SO ORDERED.**

Dated: November 8, 2013

SUSAN ILLSTON
United States District Judge