IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANDANA UPADHYAY, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AETNA LIFE INSURANCE COMPANY, a Connecticut corporation,<br><br>　　　　　Defendant. | Case No. C 13-01368 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

On January 16, 2014, the Court granted defendant's motion for summary judgment. Docket No. 41. By the present motion, plaintiff seeks leave to file a motion for reconsideration of that order. Docket No. 43. In the motion, plaintiff states that he seeks reconsideration of the Court's order based on the following four grounds:

1. Under the Supreme Court's recent decision in *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604 (2013) and the controlling provisions of the California Insurance Code, plaintiff's suit was timely.

2. The rule articulated in *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 719 (9th Cir. 2012) does not embrace any exceptions, such as the exception created in the Court's order.

3. Defendant substantively waived its right to raise the release as an affirmative defense when, at the conclusion of the administrative process, it told plaintiff that she had the right to bring a civil suit under ERISA for judicial review of its denial of benefits.

4. There is a triable issue of fact as to whether the release executed by plaintiff extended to the insurers of the Plan.

1  For good cause shown, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion for
2  leave. The Court grants plaintiff leave to file a motion for reconsideration based on grounds one, three,
3  and four. The Court declines to grant plaintiff leave to file a motion for reconsideration based on ground
4  two.[1] Defendant must file its opposition by **February 11, 2014**, and plaintiff must file its reply by
5  **February 18, 2014**. The matter will be submitted without oral argument.

**IT IS SO ORDERED.**

Dated: January 29, 2014

SUSAN ILLSTON
United States District Judge

---

[1] With respect to ground two, plaintiff makes arguments that either were raised or could have been raised in its opposition brief and at oral argument. A motion for reconsideration may not be used to reargue the motion or make arguments for the first time that could reasonably have been raised earlier in the litigation. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *United States v. Westlands Water District*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Moreover, the Court's prior ruling did create or rely on an exception to the rule articulated in *Harlick*. As explained in the prior order, the rule articulated in *Harlick* was simply inapplicable because the Court was not reviewing the merits of defendant's decision to deny benefits. *See* Docket No. 41 at 3-4; *Harlick*, 686 F.3d at 719 ("A plan administrator may not fail to give a reason for a benefits denial during the administrative process and then raise that reason for the first time **when the denial is challenged** in federal court . . . .") (emphasis added).

2