**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANDANA UPADHYAY, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>AETNA LIFE INSURANCE COMPANY, a Connecticut corporation,<br><br>    Defendant. | Case No. C 13-01368 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

By the present motion, plaintiff moves for reconsideration of the Court's January 16, 2014 order granting defendant's motion for summary judgment. For the foregoing reasons, the Court DENIES plaintiff's motion for reconsideration.

## BACKGROUND

This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq*. In March of 2005, plaintiff Vandana Upadhyay was hired by Symmetricom, Inc. ("Symmetricom") as a Senior Director of Business Development. Docket No. 29, Upadhyay Decl. ¶ 2; Docket No. 31-1, LaRosa Decl. Ex. A. Shortly after being hired, plaintiff was injured while attending an industry conference in Dallas. Docket No. 29, Upadhyay Decl. ¶ 4. As a result of the accident, plaintiff suffers from Bilateral Thoracic Outlet Syndrome. *Id.* ¶ 5.

Eventually, on January 2, 2007, plaintiff took a medical leave of absence from Symmetricom and her employment was terminated effective February 27, 2007 while she was on leave. *Id.*; Docket No.

33-1, Valentine Decl. Ex. A § B. On February 11, 2009, plaintiff filed a complaint in state court against Symmetricom alleging claims for wrongful termination in violation of public policy, violations of the California Family Rights Act and the Family Medical Leave Act, defamation, and intentional infliction of emotional distress. Docket No. 33-1, Valentine Decl. Ex. A § C. On May 3, 2010, as a result of a JAMS mediation, plaintiff and Symmetricom entered into a settlement agreement, containing a general release of claims. *See id.*

On December 15, 2010, Aetna received an application from plaintiff for long-term disability benefits under the group long-term disability policy issued by Aetna to Symmetricom ("the Plan"). Docket No. 31-1, LaRosa Decl. Ex. A. On February 1, 2011, Aetna sent plaintiff a letter denying her claim for long-term disability benefits on the basis that plaintiff's claim was untimely and plaintiff failed to prove that she met the definition of disabled as described in the Plan. Docket No. 31-4, LaRosa Decl. Ex. D. Plaintiff appealed Aetna's denial of benefits. On July 18, 2012, Aetna sent a letter to plaintiff denying her appeal and upholding its prior determination that she was not entitled to long-term disability benefits under the Plan. Docket No. 31-5, LaRosa Decl. Ex. E.

On March 27, 2013, plaintiff filed a complaint against Aetna, alleging a cause of action under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due to her under the terms of her plan and a cause of action under 29 U.S.C. § 1132(a)(3) for breach of fiduciary duty. Compl. ¶¶ 13-25. On November 1, 2013, defendant moved for summary judgment of its waiver and contractual limitations affirmative defenses. Docket No. 30. On January 16, 2014, the Court granted defendant's motion for summary judgment. Docket No. 41. In the order, the Court held that plaintiff knowingly and voluntarily waived her ERISA claims against Aetna when she entered into the settlement agreement with Symmetricom. *Id.* at 7-8. In addition, the Court held that plaintiff's action was barred by the contractual limitations provisions contained in the Plan. *Id.* at 9-10.

Subsequently, plaintiff filed a motion for leave to file a motion for reconsideration of the Court's January 16, 2014 order based on four separate grounds. The Court granted in part and denied in part

plaintiff's motion for leave. Docket No. 46. Specifically, the Court denied the motion as to one ground[1] and gave plaintiff leave to seek reconsideration of the order based on the following three grounds:

1. Under the Supreme Court's recent decision in *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604 (2013) and the controlling provisions of the California Insurance Code, plaintiff's suit was timely.

2. Defendant substantively waived its right to raise the release as an affirmative defense when, at the conclusion of the administrative process, it told plaintiff that she had the right to bring a civil suit under ERISA for judicial review of its denial of benefits.

3. There is a triable issue of fact as to whether the release executed by plaintiff extended to the insurers of the Plan.

*Id.* at 2.

## LEGAL STANDARDS

### I.   Motion for Reconsideration

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'"). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision

---

[1] The Court denied plaintiff leave to seek reconsideration of the order based on plaintiff's argument that the rule articulated in *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 719 (9th Cir. 2012) does not embrace any exceptions, such as the exception created in the Court's order. Docket No. 46 at 2.

fails to carry the moving party's burden.'" *J&J Sports Prods. v. Nguyen*, 2013 U.S. Dist. LEXIS 70565, at *3-4 (N.D. Cal. May 16, 2013) (quoting *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001)); *see Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Further, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals*, 571 F.3d at 880; *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citations omitted) ("A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend [a prior order], and a party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming that they constitute 'newly discovered evidence' unless they were previously unavailable.").

## II. Summary Judgement

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 324). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

4

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, the evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)(2).

**DISCUSSION**

**I.   Ground One**

In her first ground for reconsideration, plaintiff argues that under the Supreme Court's recent decision in *Heimeshoff* and the controlling provisions of the California Insurance Code, plaintiff's suit was timely. Docket No. 43, Pl.'s Mot. at 3-6. Specifically, plaintiff states that under California Insurance Code § 10350, California disability insurance policies are required to incorporate the provisions specified in Insurance Code §§ 10350.1-10350.12, and the policies are prohibited from substituting these provisions with language less favorable to the insureds. *Id.* at 4; *see also* Cal. Ins. Code § 10390 ("When any provision in . . . a policy is in conflict with any provision of this chapter, the rights, duties and obligations of the insurer, the insured and the beneficiary shall be governed by this chapter."). Relying on this statute, plaintiff argues that the contractual limitations provisions contained in the Plan are governed by the limitations provisions in California Insurance Code §§ 10350.7 and 10350.11 because those statutory provisions contain a more favorable date of accrual for the limitations period. *Id.* at 4-5. In response, Aetna argues that the decision in *Heimeshoff* is not a change in controlling law, and, therefore, it cannot serve as a basis for reconsideration of the Court's prior order. Docket No. 47, Pl.'s Opp'n at 4-5. In addition, Aetna argues that California Insurance Code § 10350.7 does not apply to the limitations provisions at issue. *Id.* at 5-7.

Plaintiff did not make the present argument in her opposition brief to Aetna's motion for summary judgment or at oral argument. *See* Docket No. 27. Indeed, there was no reference or citation

5

to the California Insurance Code at all in her opposition brief. *See id.* Although the Supreme Court's decision in *Heimeshoff* was issued on December 16, 2013, after briefing and oral argument on the motion for summary judgment were completed, the decision did not constitute an intervening change in controlling law. In *Heimeshoff*, the Supreme Court held that "[a]bsent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 610 (2013). The Supreme Court also explained that parties may contractually agree to "not only to the length of a limitations period but also to its commencement." *Id.* at 611. These two legal principles enunciated by the Supreme Court in *Heimeshoff* were already the law in the Ninth Circuit. *See Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 650-51 (9th Cir. 2000) (en banc) (remanding action to the district court for it to determine whether the plaintiff's action was contractually barred by the limitations provisions in the policy in light of California law, particularly Cal. Ins. Code §§ 10350.7 and 10350.11); *Sousa v. Unilab Corp. Class II (Non-Exempt) Mbrs. Group Benefit Plan*, 252 F. Supp. 2d 1046, 1055 (E.D. Cal. 2002) ("Courts have traditionally found that 'in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than prescribed in the general statute of limitations, provided that the shorter period itself shall be reasonable.' Several courts have applied this general contract rule to claims brought under ERISA."); *Koblentz v. UPS Flexible Emple. Benefit Plan*, 2013 U.S. Dist. LEXIS 121389, at *7 (S.D. Cal. Aug. 23, 2013) ("A [contractual limitations] period begins to run as defined by the plan's terms." (citing *Mogck v. Unum Life Ins. Co. of Am.*, 292 F.3d 1025, 1028 (9th Cir. 2002))).[2] In addition, prior to *Heimeshoff*, the Ninth Circuit has held in the context of ERISA that "[u]nder California law, 'insurance policies are governed by the statutory and decisional law in force at the time the policy is issued. Such provisions are read into each policy thereunder, and become a part of the contract with full binding effect upon each party.'" *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 927 (9th Cir. 2012) (quoting *Interins. Exch. of the Auto. Club of S. Cal. v. Ohio Cas. Ins. Co.*, 58 Cal. 2d 142, 148

---

[2] Indeed, Aetna cited to and relied on these authorities in its motion for summary judgment and its reply. Docket No. 30 at 14-15; Docket No. 32 at 8.

1 (1962)); *see also UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 375 (1999) ("[S]tate laws
2 mandating insurance contract terms are saved from preemption under § 1144(b)(2)(A)" of ERISA.).
3 Therefore, plaintiff's current argument regarding the California Insurance Code does not rely on an
4 intervening change in controlling law, and plaintiff reasonably could have made this argument in her
5 opposition brief by relying on the above Ninth Circuit authorities.

6 "A motion for reconsideration 'may not be used to raise arguments . . . for the first time when
7 they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals*, 571 F.3d at
8 880. Because plaintiff reasonably could have raised her argument regarding the California Insurance
9 Code's effect on the limitations provisions in the Plan earlier in the litigation, the Court declines to
10 reconsider the prior order based on this ground.[3]

12 **II.     Ground Two**

13 In her second ground for reconsideration, plaintiff argues that Aetna substantively waived its
14 right to raise the release as an affirmative defense when, at the conclusion of the administrative process,
15 it told plaintiff that she had the right to bring a civil suit under ERISA for judicial review of its denial
16 of benefits. Pl.'s Mot. at 7-9; *see also* Docket No. 27 at 15. In response, defendant argues that it did
17 not waive its affirmative defenses in the denial letter. Def.'s Opp'n at 7-9.

18 On July 18, 2012, Aetna sent a letter to plaintiff denying her administrative appeal and upholding
19 its prior determination that she was not entitled to long-term disability benefits under the Plan. Docket
20 No. 31-5, LaRosa Decl. Ex. E. The denial letter stated: "If you disagree with our determination, you
21 have the right to bring a civil action under section 502(a) of the Employee Retirement Income Security
22 Act (ERISA) of 1974." Docket No. 31-5, LaRosa Decl. Ex. E at 4. This statement is in compliance

---

[3] In addition, the Court notes that even if it considered the merits of plaintiff's argument and agreed with plaintiff on this ground, this would not result in a reversal of the Court's decision to grant Aetna's motion for summary judgment. In the order granting Aetna's motion, the Court granted summary judgment in favor of Aetna based on both Aetna's waiver defense and Aetna's contractual limitations defense. Docket No. 41. Therefore, even if the Court reconsidered its grant of summary judgment based on the limitations defense, summary judgment in favor of Aetna would still be appropriate based on its waiver defense because the Court also rejects plaintiff's arguments for reconsideration of that defense. *See infra*; Docket No. 46 at 2.

*United States District Court*
*For the Northern District of California*

1 with 29 C.F.R. § 2560.503-1(j)(4), which provides: "The plan administrator shall provide a claimant
2 with
3 written or electronic notification of a plan's benefit determination on review. . . . In the case of an
4 adverse benefit determination, the notification shall set forth, in a manner calculated to be understood
5 by the claimant . . . (4) . . . a statement of the claimant's right to bring an action under section 502(a)
6 of the Act . . . ."

The letter does not constitute a waiver of Aetna's affirmative defenses. The letter merely states that plaintiff has the right to bring an action under section 502(a) of ERISA, and this statement was necessary for Aetna to comply with 29 C.F.R. § 2560.503-1(j)(4). The letter does not state that if plaintiff decides to bring that action, Aetna will waive its defenses to that action. Plaintiff argues that an ERISA fiduciary like Aetna has a duty of loyalty that requires it to deal fairly and honestly with participants and give them complete and accurate information. Pl.'s Mot. at 7-8; Pl.'s Reply at 10-11. Plaintiff argues, therefore, that Aetna breached this duty by not revealing in the denial letter that it would assert the affirmative defenses of waiver and contractual limitations if plaintiff brought an ERISA action. *Id.* However, plaintiff has failed to provide the Court with any authority showing that the duty of loyalty under ERISA requires an insurer when attempting to comply with 29 C.F.R. § 2560.503-1(j)(4) to disclose what affirmative defenses it may assert if plaintiff brings an ERISA action against it in federal court. Accordingly, the Court declines to reconsider the prior order based on this ground.[4]

## III. Ground Three

In her third ground for reconsideration, plaintiff argues that there is a triable issue of fact as to whether the release executed by plaintiff extended to the insurers of the Plan. Pl.'s Mot. at 9; *see also* Docket No. 27 at 19-20. In response, defendant argues that under the plain terms of the settlement agreement, plaintiff's release applies to Aetna. Def.'s Opp'n at 9-12.

---

[4] In her reply brief, plaintiff for the first time argues that whether an insurer has waived its affirmative defenses is a question of fact, and, therefore, summary judgment on this issue is inappropriate because a genuine dispute of material fact exists. Pl.'s Reply at 8-9. Because plaintiff did not make this argument in her opposition to Aetna's motion for summary judgment or in her motion for reconsideration, the Court declines to address this new argument. *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief.").

8

The relevant provision of the settlement agreement provides as follows:

> Ms. Upadhyay . . . hereby fully releases and forever discharges Symmetricom and each of its predecessors, successors, employee benefit plans, present and former officers, directors, employees . . . , agents, affiliates, successors, assigns, insurers, attorneys and consultants (collectively, "**Defendant Releasees**") from any and all claims, debts, demands, accounts, judgments, rights, causes of action, equitable relief, damages, costs, charges, complaints, obligations, promises, agreements, controversies, suits, expenses, compensation, responsibility and liability of every kind and character whatsoever . . . whether in law or equity, known or unknown, asserted or unasserted, suspected or unsuspected . . . , which Ms. Upadhyay has or may have had against the Defendant Releasees based on any events or circumstances arising or occurring on or prior to the date hereof, including . . . any Claims arising under . . . the Employee Retirement Income Security Act . . . .

Docket No. 33-1, Valentine Decl. Ex. A § 4 (emphasis in original). The release expressly states that it applies to Symmetricom's agents, insurers, and employee benefit plans and applies to any claims arising under ERISA. *Id.* Plaintiff argues that this language is insufficient for release to apply to Aetna because Aetna is the insurer of the Plan, not of Symmetricom, and the release does not expressly state that it applies to the insurer's of Symmetricom's employee benefit plans. Pl.'s Mot. at 9. In making this argument, plaintiff relies on the district court case *Werb v. ReliaStar Life Ins. Co.*, 2010 WL 3269974 (D. Minn. Aug. 17, 2010). In *Werb*, the district court held that pursuant to a settlement agreement, the plaintiff clearly released his claims against his former employer, Goodrich, and its insurers. *Id.* at *13. But, the district court held that there was a genuine dispute of fact as to whether the release applied to the plan's insurer, ReliaStar, because based on the record and the language in the policy, the court could not conclude as a matter of law whether ReliaStar should be considered an insurer of Goodrich. *See id.* at *13-14.

However, *Werb* is distinguishable from the present case. Unlike the release in this case, the release at issue in *Werb* did not expressly release the company's employee benefits plans. *See* 2010 WL 3269974, at *11 ("'Werb . . . does hereby fully and forever release, acquit and discharge Goodrich and its insurers from any and all liability . . . .'"). Here, the release expressly states that it applies to Symmetricom's employee benefit plans, Docket No. 33-1, Valentine Decl. Ex. A § 4, and plaintiff does not dispute that the release applies to the Plan at issue in this case. Yet, plaintiff provides no explanation or authority showing how Aetna as the Plan's insurer could be liable for plaintiff's ERISA claims when the Plan itself has been released from all liability under ERISA. Plaintiff notes that an ERISA plan's

9

insurer may be sued as a defendant in an action under § 1132(a)(1)(b) in addition to the plan itself. Pl.'s Reply at 11-12 (citing *Cyr v. Reliance Std. Life Ins. Co.*, 642 F.3d 1202, 1206-07 (9th Cir. 2011) (en banc)). In *Cyr*, the Ninth Circuit held that "parties other than plans can be sued for money damages under . . . § 1132(a)(1)(B), as long as that party's individual liability is established." 642 F.3d at 1207. Here, plaintiff has failed to explain how Aetna would be individually liable when the Plan itself is not. Under California insurance law, " if the insured is not liable to the claimant, then the insurer is likewise not liable on the claim." *Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal. 3d 287, 307 (1988); *see also Cal. State Auto. Assn. Inter-Ins. Bureau v. Sup. Ct.*, 50 Cal. 3d 658, 663 (1990) ("Under an insurance contract, the insurer's obligation is to indemnify the insured to the extent of the insured's liability to the third party. Accordingly, 'no enforceable claim accrues against the insurer until the insured's liability is in fact established.'"). Accordingly, the Court declines to reconsider the prior order based on this ground.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for reconsideration of the Court's January 16, 2014 order granting defendant's motion for summary judgment. Docket No. 43.

**IT IS SO ORDERED.**

Dated: March 3, 2014

SUSAN ILLSTON
United States District Judge